UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLINTON HECK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BRUCE GAGE.<br><br>　　　　　　Defendant. | CASE NO. C11-5539-BHS-JRC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, REMOVING A MOTION TO DISMISS, AND DIRECTING PLAINTIFF TO FILE SERVICE DOCUMENTS |

　　　　This 42 U.S.C. §1983 civil rights matter, has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

　　　　Defendants have filed a second motion to dismiss (ECF No. 24). The first motion was not considered by the Court because plaintiff filed an amended complaint (ECF No. 20). In response to the second motion to dismiss plaintiff has filed a motion asking for leave to amend (ECF No. 26). Plaintiff has already amended his complaint once as allowed by Federal Rule of Civil

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND, REMOVING A MOTION TO DISMISS,
AND DIRECTING PLAINTIFF TO FILE SERVICE
DOCUMENTS - 1

1  Procedure 15 (a) and he must now seek leave of Court to amend the complaint. See, Fed. R. Civ.
2  P. 15 (a) (2).

3      Defendant objected to the motion to amend and noted that there was not a proposed
4  amended complaint (ECF No. 27). Plaintiff cured this defect by filing a third motion to amend
5  and by supplying his proposed amended complaint (ECF No. 28). Defendants have again
6  objected and now argue that the plaintiff is simply delaying the motion to dismiss. Defendants
7  further argue that amendment would be "futile." (ECF No. 29). Plaintiff has now filed
8  "objections to the response." (ECF No. 30).

9      To determine if amendment would be futile or is simply a delaying tactic the Court
10 examines the allegations and the different complaints. The allegations are that plaintiff is
11 mentally ill and needs medication. He alleges the denial of proper treatment violates the Eighth
12 Amendment and the Americans with a Disabilities Act (ECF No. 28 pages 1 and 2). Plaintiff
13 alleges that a Health Care Review Committee denied his treating psychiatrist's recommendation
14 asking for use of a non-formulary medication to treat his mental illness (ECF No. 28, page 2).
15 Plaintiff alleges the formulary medication causes him side effects or is not working.

16     Originally plaintiff named the Director of Psychiatry for the Washington State
17 Department of Corrections, and the acting Secretary of the Department of Corrections as
18 defendants (ECF No. 5). He does not show that either of these persons were part of the
19 committee that denied the request for use of a non formulary medication.  In the first Amended
20 complaint he named the Health Care Review Committee as a defendant, but was unable to
21 personally name who was on the committee (ECF No. 20). Now, he names the members of the
22 committee (ECF No. 28, proposed amended complaint naming Dave Guidry, Steve Jewitt, Will
23 Collins, Barbra Reed-Stamp, Olga Suslava or Suslova, David Grubb, and Mira Narkiewicz).

24 ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND, REMOVING A MOTION TO DISMISS,
AND DIRECTING PLAINTIFF TO FILE SERVICE
DOCUMENTS - 2

Plaintiff also names the State of Washington and the Department of Corrections in their official capacities (ECF No. 28, proposed complaint).

Liability in a civil rights action is based upon personal participation. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). The Court concludes that amendment is not futile or a delaying tactic on the part of the plaintiff. Naming the members of the Health Care Review Committee that allegedly denied the use of non formulary medication is proper.

A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, (1957). Thus, if amendment of the complaint can prevent dismissal, leave to amend should be given. This interpretation of the law is supported by Fed. R. Civ. P. 15 (a) (2) "the court should freely give leave [to amend] when justice so requires."

Plaintiff's motion to amend the complaint is GRANTED. The Court will not consider the currently pending motion to dismiss (ECF No. 24). The Clerk is asked to remove this motion from the Court calendar.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, REMOVING A MOTION TO DISMISS, AND DIRECTING PLAINTIFF TO FILE SERVICE DOCUMENTS - 3

1   Plaintiff needs to submit forms and service copies so the Court may attempt service on
2   the newly named defendants. There are nine new defendants when the State of Washington and
3   the Department of Corrections are added to the seven named members of the Health Care
4   Review Committee. Plaintiff needs to supply nine copies of the sixty seven page amended
5   complaint and nine filled out service forms. These documents will be due on or before January
6   27, 2012.
7   The clerk's office is directed to send plaintiff the nine blank forms for service so they can
8   be filled out and returned with the copies of the amended complaint.
9   Dated this 8th day of December, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND, REMOVING A MOTION TO DISMISS,
AND DIRECTING PLAINTIFF TO FILE SERVICE
DOCUMENTS - 4