UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLINTON HECK,<br><br>              Plaintiff,<br><br>   v.<br><br>BRUCE GAGE et al.,<br><br>             Defendants. | CASE NO. C11-5539-BHS-JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Plaintiff asks the Court to appoint counsel in this action (ECF No. 46).

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court can request counsel to represent a party, 28 U.S.C. § 1915(e) (1), the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both

the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Wilborn</u>, 789 F.2d at 1331.

    Plaintiff has demonstrated an ability to articulate his claims pro se. The Court notes that plaintiff's response to the motion to dismiss clearly articulated plaintiff's position (ECF No. 45). Nevertheless, it is also clear in reviewing defendant's motion to dismiss that plaintiff did not exhaust his administrative remedies with regard to any named defendant in this action. Further, defendants have given reasonable penological reasons for denying plaintiff medication. Therefore, plaintiff has very little chance of success on the merits. For these reasons, plaintiff's motion for appointment of counsel is DENIED.

    DATED this 5th day of March, 2012.

J. Richard Creatura
United States Magistrate Judge